UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| KRISTEN L. LAPLANTE, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:15-cv-00351-JAW |
| | ) | |
| PEERLESS INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant | ) | |

**MEMORANDUM OF DECISION ON MOTION TO AMEND SCHEDULING ORDER, MOTION FOR JURY TRIAL AND MOTION TO BIFURCATE TRIAL**

In this action, Plaintiff seeks coverage under an uninsured motorist policy issued to her parents by Defendant. The matter is before the Court on Defendant's Motion to Amend Scheduling Order (ECF No. 9), Defendant's Motion for Jury Trial (ECF No. 12), and Plaintiff's Motion to Bifurcate (ECF No. 8.)

**Defendant's Motion to Amend Scheduling Order (ECF No. 9) and Motion for Jury Trial (ECF No. 12)**

Plaintiff filed her complaint on August 26, 2015. On October 7, 2015, Defendant filed its answer to the complaint, but did not include in its answer a jury demand. On the same day, the Court issued a scheduling order, noting that a jury trial was not demanded. (ECF No. 6.) On October 28, 2015, the day immediately after the Court issued the scheduling order, Defendant filed a motion to amend the scheduling order, through which motion Defendant requested that the Court modify the scheduling order to reflect that Defendant requests a trial by jury. Plaintiff maintains that Defendant waived its right to jury trial because it did not include the request with its response

to Plaintiff's complaint. (ECF No. 10.) Through both of its motions, Defendant requests that the Court grant Defendant's request for a jury trial.

Pursuant to Federal Rule of Civil Procedure 38, if Defendant wanted a trial by jury, Defendant was required to request a trial by jury when it filed its response to Plaintiff's complaint.[1] Defendant did not request a jury trial in accordance with the Rule. Rule 39, however, provides that "the court may, on motion, order a jury trial on any issue for which a jury might have been demanded." Fed. R. Civ. P. 39(b).

Although the First Circuit has not articulated a specific standard to govern a district court's consideration of a late request for a jury trial, it has observed that a court has broad discretion when it decides whether to grant a late request for a jury trial. *Rowlett v. Anheuser-Busch, Inc.*, 832 F.2d 194, 200 (1st Cir. 1987). In *Rowlett*, in affirming the trial court's decision to grant a request for jury trial under Rule 39(b), the First Circuit noted the court's order did not result in a delay in the trial, nor in any unfair surprise to the plaintiff. *Id*.

Here, because Defendant requested the jury trial very early in the process (i.e., the day after Defendant filed its answer to the complaint and the day after the Court issued the scheduling order), the trial date would not be affected if the Court granted Defendant's request. Similarly, Plaintiff cannot seriously argue unfair surprise or prejudice. Accordingly, the Court will grant Defendant's Motion to Amend Scheduling Order (ECF No. 9), and Defendant's Motion for Jury Trial (ECF No. 12).

---

[1] Federal Rule of Civil Procedure 38(a) provides in relevant part: "a party may demand a jury trial by … serving the other parties with a written demand—which may be included in a pleading—no later than 14 days after the last pleading directed to the issue is served."

**Plaintiff's Motion to Bifurcate Trial (ECF No. 8)**

Plaintiff requests that the Court bifurcate trial to address separately the following issues: (1) whether Plaintiff is covered by the subject insurance policy and, if coverage exists, (2) whether Defendant breached the contract and the amount of Plaintiff's recovery. Plaintiff also asks the Court to stay or defer any discovery as to the issues of breach and damages until the coverage issue is resolved. Through her motion, Plaintiff also requests that the Court enlarge the time within which the parties must confer regarding the scheduling order.

Rule 42 permits a court, "[f]or convenience, to avoid prejudice, or to expedite and economize," to "order a separate trial of one or more separate issues." Fed. R. Civ. P. 42(b). "A Rule 42(b) motion is a matter peculiarly within the discretion of the trial court …." *Gonzalez-Marin v. Equitable Life Assur. Soc. of U.S.*, 845 F.2d 1140, 1145 (1st Cir. 1988).

In this action, Plaintiff seeks to recover the uninsured motorist benefits under an insurance policy issued to her parents. Plaintiff alleges that she was injured in a January 2010 motorcycle accident. Because the case involves questions of insurance coverage, the liability of the motorcycle operator, and damages, the case is similar to many personal injury actions, which typically do not require bifurcation. Given that this case is in its initial stages, the Court cannot conclude at this time that the issues in this case are sufficiently different to warrant separate trials.

Nevertheless, because resolution of the coverage issue could be dispositive, a staged discovery process might be appropriate. Indeed, in its opposition to Plaintiff's motion, Defendant acknowledged that the threshold coverage issue "might be susceptible to summary judgment." (Def.'s Opp. at 1, ECF No. 11.) The Court, therefore, will afford the parties additional time within which to confer, in accordance with Federal Rule of Civil Procedure 26(f), to determine whether the scheduling order should be amended to permit the parties the opportunity to present the

coverage issue to the Court by motion before more extensive discovery on liability and damages is conducted.

## Conclusion

Based on the foregoing analysis, the Court (1) grants Defendant's Motion for Jury Trial (ECF No. 12); (2) grants Defendant's Motion to Amend Scheduling Order (ECF No. 9); and (3) denies without prejudice Plaintiff's Motion to Bifurcate Trial (ECF No. 8).  The Court also extends to December 30, 2015, the time within which the parties shall confer, pursuant to Rule 26(f), as to whether a modification of the scheduling order to provide for a staged discovery process is appropriate.

### CERTIFICATE

Any objections to this Order shall be filed in accordance with Fed. R. Civ. P. 72.

 /s/ John C. Nivison  
U.S. Magistrate Judge

Dated this 14th day of December, 2015.