UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| KRISTEN L. LAPLANTE, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:15-cv-00351-JAW |
| | ) | |
| PEERLESS INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant | ) | |

**RECOMMENDED DECISION ON MOTION TO DISMISS**

In this uninsured motorist action, Defendant seeks dismissal of Plaintiff's complaint based on Plaintiff's repeated failure to respond to Defendant's discovery requests. (ECF No. 20.) Plaintiff acknowledges her failure to satisfy her obligations under the applicable rules, but contends dismissal is not warranted.

After review of the parties' submissions, I recommend the Court deny the motion to dismiss.

**Factual Background**

Plaintiff first asserted her claim against Defendant in an action filed in state court on June 27, 2014. After Defendant removed the case to this Court (case no. 1:14-cv-00301-JDL), Defendant served upon Plaintiff interrogatories and a request for documents. Plaintiff, however, never responded to the discovery requests. When Defendant scheduled Plaintiff's deposition for the second time, Plaintiff's counsel reported that he did not believe Plaintiff would appear for the deposition. After some communication between counsel, the parties filed a stipulation of dismissal without prejudice.

On August 26, 2015, Plaintiff commenced this action. (ECF No. 1.) Defendant again served upon Plaintiff interrogatories and a request for documents. Because Plaintiff did not respond to the requests, Defendant sought the Court's intervention. Following a telephonic conference on January 7, 2016, the Court ordered Plaintiff to provide Defendant with a signed medical authorization to permit Defendant to obtain the pertinent medical records, and to serve responses to Defendant's discovery requests by January 29, 2016. (ECF No. 17.) Although Plaintiff provided the medical authorizations, she did not provide responses to the outstanding discovery requests.

When Plaintiff did not provide responses to the discovery requests, Defendant again requested relief from the Court. After a telephonic conference, the Court authorized Defendant to file a motion to compel or for sanctions.

## Discussion

Defendant moves for dismissal as a sanction for Plaintiff's failure to comply with the Court's discovery order. Federal Rule of Civil Procedure 37, which authorizes the Court to impose sanctions for a party's non-compliance, states in relevant part:

> (A) *For Not Obeying a Discovery Order.* If a party… fails to obey an order to provide or permit discovery, …the court …may issue further just orders. They may include the following:
>
> > (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

>(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
>(iii) striking pleadings in whole or in part;
>
>(iv) staying further proceedings until the order is obeyed;
>
>(v) dismissing the action or proceeding in whole or in part;
>
>(vi) rendering a default judgment against the disobedient party; or
>
>(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A).

In this case, Plaintiff plainly has not complied with the Court's order to serve complete responses to the outstanding discovery requests by January 29, 2016. Plaintiff contends that her failure to respond to the discovery requests is due in part to her living and financial situation, and to some challenges to her counsel's ability to assist in the preparation of the discovery responses.

Particularly given Defendant's experience with Plaintiff in the earlier action, Defendant's frustration is understandable. Plaintiff's repeated failure to respond to basic discovery requests generates legitimate questions as to whether Plaintiff intends to proceed on her claim and whether Plaintiff can and will comply with the court rules and orders that typically govern civil litigation. The issue is whether Plaintiff's non-compliance warrants dismissal of her complaint.

Although dismissal is among the authorized sanctions, dismissal is a sanction that should be used cautiously. "Prior to choosing the harsh sanction of dismissal, a district court should consider the broad panoply of lesser sanctions available to it, such as contempt, fines, conditional orders of dismissal, etc. The severe sanction of dismissal serves as a powerful means of deterring others from frustrating the district court's well justified efforts at docket management, but it is not the only such deterrent." *Crossman v. Raytheon Long Term Disability Plan*, 316 F.3d 36, 39 – 40 (1st Cir. 2002) (internal quotation marks and citations omitted). "Dismissal is only one of the authorized forms of sanctions, and the district court 'should consider the totality of events and then

3

choose from the broad universe of available sanctions in an effort to fit the punishment to the severity and circumstances of the violation.'" *Vazquez-Rijos v. Anhang*, 654 F.3d 122, 127 (1st Cir. 2011) (quoting *Young v. Gordon,* 330 F.3d 76, 81 (1st Cir. 2003)).  When assessing whether dismissal is warranted, a court must consider "the gravity of the violation and balance it with the need for order in the trial court, the prejudice to the other party, and the preference for disposing of a case on the merits."  *Id*. (citing *Young,* 330 F.3d at 81).

While Plaintiff's non-compliance is serious, the non-compliance does not appear to be based on Plaintiff's complete lack of regard for the process, nor on Plaintiff's desire to delay resolution of the matter.  Instead, Plaintiff's conduct might fairly be viewed, at least in part, as the product of certain logistical difficulties for her and her counsel.  Under the circumstances, given that courts prefer to resolve cases on the merits, and given that other than a delay in the disposition of the case, Defendant has not suffered any real prejudice to its ability to defend the claim, dismissal is not warranted.

## Conclusion

Based on the foregoing analysis, I recommend the Court deny Defendant's motion to dismiss.[1]

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.

---

[1] If the Court adopts the recommendation, I anticipate that I will schedule a telephonic conference with the parties to discuss alternative sanctions that might be appropriate.

      Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

                                      <u>/s/ John C. Nivison</u>
                                      U.S. Magistrate Judge

Dated this 13th day of June, 2016.